UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOWARD HAWK WILLIS, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    No. 3:17-cv-01423 |
| | )    **Judge Trauger** |
| COMMISSIONER TONY PARKER, | ) |
| et al., | ) |
| | ) |
|     **Defendants.** | ) |

# MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner complaint (Doc. No. 1) and an application (Doc. No. 2) to proceed in forma pauperis.

Howard Hawk Willis is an inmate at the Riverbend Maximum Security Institution in Nashville. It appears from his application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, the plaintiff's application is **GRANTED.** The Clerk shall file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate

1

trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against Tony Parker, Commissioner of the Tennessee Department of Correction (TDOC); Centurion of Tennessee, a private entity under contract to provide health care services for inmates at Riverbend; Kenneth Williams, Medical Director for TDOC; Dr. Marina Cadreche, Assistant Commissioner of Rehabilitative Services for TDOC; and the Tennessee Department of Correction; seeking declaratory and injunctive relief.

During a court ordered medical exam in November, 2006, it was discovered that the plaintiff had contracted the Hepatitis C virus. Doc. No. 1 at 10. The plaintiff subsequently tested positive for Hepatitis B as well. *Id* at 12.

An infectious disease specialist (Dr. Berthaud) reviewed the plaintiff's medical records in July, 2014 and concluded that plaintiff's Hepatitis C could be treated using a combination of Ribavirin, Pegylated Interferon, alpha 2a and Solvadi. *Id.* The plaintiff requested the recommended treatment but was told that "priority is given to those who need treatment most." *Id* at 13. The plaintiff did not fall into that category.

The plaintiff wrote a letter to the Commissioner of TDOC requesting treatment but received no response to the letter. *Id.* He filed several grievances requesting treatment that were either denied or ignored. *Id*. In the meantime, the damage to the plaintiff's liver has become progressively

noticeable, *Id* at 20, and he now suffers from diabetes. *Id* at 14.

The plaintiff claims "more than 3 years after a meaningful treatment was ordered, the Defendants are refusing to provide treatment, although drugs to cure Hepatitis C are readily available, specifically the latest generation drug, Maverick." *Id.* He alleges that the defendants have been deliberately indifferent to his serious medical needs and that "the Defendants are imposing improper barriers to withhold HCV treatment, for the purpose of limiting the number of prisoners who receive treatment in order to limit financial responsibility." *Id* at 13. The plaintiff also alleges an excessive use of force claim by asserting that " .... the Defendants' actions of denying the Plaintiff's treatment for years does constitute attempted murder." *Id* at 20.

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when jail officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The Plaintiff alleges that he has a serious medical condition that is not being treated because treatment would be costly. It can be inferred from his allegations that the choice of not providing the plaintiff with adequate treatment is a policy decision that has been made by Centurion of Tennessee and adopted by TDOC. Because deliberate indifference could be inferred from the plaintiff's allegations, the Court finds that the plaintiff has stated a colorable claim for relief. 28 U.S.C. § 1915A.

It is noted, however, that the plaintiff has named the Tennessee Department of Correction as a defendant. This defendant is an agency of the State of Tennessee. The Eleventh Amendment bars a suit in federal court by a citizen against a state or its agencies unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. Pennhurst State School and Hospital v. Halderman, 104 S.Ct. 900, 908 (1984); Will v.

Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989).

Congress has not overridden a state's sovereign immunity to civil rights complaints. Nor has the State of Tennessee consented to waive its immunity to such actions. Berndt v. Tennessee, 796 F.2d 879 (6th Cir.1986). Faced with this defendant's sovereign immunity, the plaintiff has failed to state a colorable claim for relief from this defendant. Hence, the claims against the Tennessee Department of Correction are **DISMISSED**. 28 U.S.C. § 1915(e)(2).

The Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant remaining in this action. The plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order.

Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

The Clerk is further directed to send a copy of this order to the Warden of the Riverbend Maximum Security Institution to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge