IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HOWARD HAWK WILLIS )
)
v. ) NO. 3:17-1423
)
COMMISSIONER TONY PARKER, et al. )

TO: Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 27, 2017 (Docket Entry No. 4), this *pro se* and *in forma pauperis* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 25) of Defendants Tony Parker and Kenneth Williams, to which Plaintiff has filed a response in opposition (Docket Entry No. 40). For the reasons set forth below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

Howard Hawk Willis ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. He asserts that he suffers from the Hepatitis viruses but that he has been

denied critical and necessary medical treatment during his incarceration. Specifically, he alleges that a treatment using a combination of drugs was recommended for him in 2016 but was not provided by prison officials because they deemed that Plaintiff did not fall into the category of inmates who needed treatment the most. *Id.* at 13. He further alleges that prison officials have also refused to provide other Hepatitis treatments although they are readily available, such as the latest generation of drug, Maverick. Plaintiff contends that prison officials have been deliberately indifferent to his serious medical needs and that they are imposing improper barriers to withhold Hepatitis treatment in order to limit the number of prisoners who receive treatment and save money. *Id*.

On November 1, 2017, Plaintiff filed this lawsuit against: the TDOC; TDOC Commissioner Tony Parker ("Parker"); Centurion of Tennessee, LLC, a private entity under contract to provide health care services for inmates at RMSI ("Centurian"); TDOC Medical Director Kenneth Williams ("Williams"); and Dr. Marina Cadreche, Assistant Commissioner of Rehabilitative Services for TDOC ("Cadreche"). The individual defendants are sued in only their official capacities. Plaintiff brings claims for violations of: (1) the Eighth and Fourteenth Amendments; (2) the Americans with Disabilities Act, 42 U.S.C. § 12132, and (3) Article I, Sections 8, 13, and 32 of the Tennessee Constitution. *Id*. at 15. He seeks only prospective injunctive and declaratory relief related to the provision of medical treatment to him for his condition. *Id*. at 25-26.

Upon initial review of the Complaint under 28 U.S.C. § 1915(e)(2), the Court dismissed the claims against TDOC but permitted the action to proceed against all other Defendants. *See* Docket Entry No. 4. In response to the complaint, Defendant Centurian has filed an answer (Docket Entry No. 38) and Defendants Parker and Williams have filed the pending motion to dismiss. The docket does not reflect that Defendant Cadreche has ever been served with process. *See* Docket Entry

Nos. 7 and 12. Minimal pretrial proceedings have occurred in the action and a scheduling order has yet to be entered. Plaintiff's motions seeking to expand the scope of this lawsuit in order to attack the legality of his underlying criminal conviction and to pursue other types of civil rights claims have been denied by the Court. *See* Order entered February 5, 2018 (Docket Entry No. 28), and July 31, 2018 (Docket Entry No. 48).

## II. MOTION TO DISMISS

In their motion to dismiss, Defendants Parker and Williams argue that Plaintiff's lawsuit should be dismissed because there is currently pending in this Court a class action lawsuit against Parker, Williams, and Cadreche that involves the alleged unconstitutional denial of medical treatment to TDOC inmates who suffer from the Hepatitis C infection. *See Graham, et al. v. Parker, et al.*, No. 3-16- cv-01954 ("*Graham*"). Defendants argue that Plaintiff falls within the class that has been certified in *Graham* as:

> All persons currently incarcerated in any facility under the supervision or control of the Tennessee Department of Corrections or persons incarcerated in a public or privately owned facility for whom the Tennessee Department of Corrections has ultimate responsibility for their medical care and who have at least 90 days or more remaining to serve on their sentences and are either currently diagnosed with Hepatitis C infection or are determined to have Hepatitis C after a screening test has been administered by the Department of Corrections.

*See* Order entered May 4, 2017 (Docket Entry No. 33) in *Graham*. Defendants assert that the prospective injunctive and declaratory relief sought in *Graham* regarding treatment of TDOC inmates with Hepatitis will apply to Plaintiff and that the factual and constitutional issues raised by Plaintiff will necessarily be decided within *Graham*. Defendants argue that it would be duplicative and potentially conflictive for the Court to review and rule upon the same facts and issues in the

3

instant case when those facts and issues are being contemporaneously reviewed and decided in *Graham.*

In a supplement to their motion, Defendants Parker and Williams argue that Plaintiff fails to state a viable claim under either the ADA or the Tennessee Constitution. They request that these two claims be dismissed for failure to state a claim upon which relief can be granted. *See* Docket Entry No. 31.

Plaintiff responds in opposition to the motion to dismiss, arguing that he should not be viewed as being part of the *Graham* class because all members have not suffered the same injury and will have different medical needs and a need for different treatment. *See* Docket Entry No. 40. He further asserts that he should not be forced into a class action lawsuit that may take years to resolve while his own medical condition is deteriorating and that he has been denied his right to opt out of the class action suit by either requesting exclusion or filing a motion in *Graham* to vacate the order granting class certification. *Id*. Plaintiff does not offer an argument opposing the dismissal of his ADA or state constitutional claims.

### III. ANALYSIS AND CONCLUSIONS

A. Rule 12(b)(6) Standard

Rule 12(b)(6) provides for the dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. While the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a complaint filed by a *pro se* plaintiff must still plead sufficiently specific factual allegations, not just legal conclusions, in support of each claim. *See Iqbal*, 556 U.S. at 678-679.

B. Claims under the ADA and Tennessee Constitution

The motion to dismiss should be granted as to Plaintiff's ADA and state constitutional claims. Defendants have set out legally compelling and sound arguments for dismissal of these claims. *See* Docket Entry No. 31. Plaintiff has not responded to these arguments, *see* Docket Entry No. 40, and has thus waived any rebuttal to the legal argument for dismissal. *Scott v. State of Tennessee*, 1989 WL 72470 at *2 (6th Cir.1989) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). In the absence of a responsive argument from Plaintiff showing why these claims should not be dismissed, it is not the duty of the Court to find grounds to defeat the motion to dismiss as it pertains to these claims. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

C. Plaintiff's Section 1983 medical care claims in light of *Graham*

The Court finds Defendants' arguments on this issue to be persuasive. Any fair reading of Plaintiff's lawsuit shows that he falls within the class certified in *Graham*. His allegations that prison officials have ignored his urgent need for treatment of the Hepatitis virus, have prevented him from receiving a treatment regimen, and have purposefully prevented the use of modern treatments for the Hepatitis virus, and that they have taken such steps with deliberate indifference to his medical needs and because of a policy limiting Hepatitis treatment in order to reduce expenses and save costs, essentially mirror the allegations and claims at issue in *Graham*. Further, the declaratory and injunctive relief he seeks in his lawsuit overlaps and is subsumed within the relief sought by the inmate class in *Graham*. In such a situation, Plaintiff should not be permitted to pursue duplicative claims for declaratory and injunctive relief, and the policy of avoiding duplicative litigation about the same factual issues and same claims warrants the dismissal of Plaintiff's constitutional claims. *See Shabazz v. Centurion*, 2018 WL 1440985 at *3 (W.D. Tenn. Mar. 22, 2018) (finding that inmate was a member of the class in *Graham* and dismissing the inmate's claims for declaratory and injunctive relief). *See also Groseclose v. Dutton*, 829 F.2d 581, 584 (6th Cir. 1987) ("To allow two or more district judges to issue directions to prison officials simultaneously would be to create ... an inefficient situation, fraught with potential for inconsistency, confusion, and unnecessary expense." (citation and internal quotation marks omitted)).

As Plaintiff correctly points out, each TDOC inmate that falls within the class certified in *Graham* will have some differing circumstances that are unique to their own situation. However, the potential for these differences was addressed by Chief Judge Crenshaw in *Graham* and found to be an insufficient basis upon which to deny the class. The class was certified under Rules 23(b)(1)

and (2) of the Federal Rules of Civil Procedure. Accordingly, it is a mandatary "non-opt out" class and there is no mechanism - or need- for any putative class member to opt out. Any person who falls within the parameters of the class definition will be a class member and will benefit in the event class-wide relief is granted.

The Court finally notes that the prison class in *Graham* is represented by counsel, who have actively litigated the case. The proceedings in *Graham* are much further along than those in the instant case. Indeed, discovery has occurred in *Graham,* a motion for summary judgment on behalf of the prisoner class has been filed, and a trial is set for December 4, 2018. Plaintiff's belief that he will be prejudiced because of a delay in the resolution of *Graham* is unfounded.

## R E C O M M E N D A T I O N

For the reasons set out above, the undersigned respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 25) of Defendants Tony Parker and Kenneth Williams be GRANTED as follows:

(1) Plaintiff's claims under the ADA and the Tennessee Constitution be DISMISSED for failure to state a claim upon which relief can be granted; and

(2) Plaintiff's constitutional claim brought under 42 U.S.C. § 1983 seeking injunctive and declaratory relief related to his need for medical treatment for the Hepatitis virus be DISMISSED in light of the class action case, *Graham v. Davis*, 3:16-cv-1954, that is currently ongoing within this Court and of which Plaintiff is a member of the class.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific

portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge